IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KELSEY JONES, DENISE EWIN, GEORGE W. IVERY, IV, and SETH FEINHANDLER, Individually and On Behalf of All Others Similarly Situated,** | § § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO.: _____ |
| **XEROX COMMERCIAL SOLUTIONS, LLC., Individually and d/b/a ACS COMMERCIAL SOLUTIONS, LLC** | § § § § § | JURY DEMANDED |
| *Defendant*. | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

KELSEY JONES, DENISE EWIN, GEORGE W. IVERY, IV, and SETH FEINHANDLER, ("Plaintiffs"), file this lawsuit as a collective action against XEROX COMMERCIAL SOLUTIONS, LLC, Individually and d/b/a ACS COMMERCIAL SOLUTIONS, LLC ("Defendant") to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees, and for cause of action would show the following:

### I.   NATURE OF CLAIMS

1. This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") to correct unlawful employment practices. Specifically, Plaintiff brings this action on behalf of herself and all similarly situated employees against Defendant for utilizing a payment scheme which involves, among other things, requiring or permitting employees to work

off the clock.  This payment scheme resulted in Defendant's systematic failure to pay employees for all of the hours worked and for overtime pay.

## II.   JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because it is the district in which Defendants reside.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Plaintiffs' claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

## III.   THE PARTIES

5. Plaintiff, KELSEY JONES, DENISE EWIN, GEORGE W. IVERY, IV and SETH FEINHANDLER are individuals who reside in Houston, Harris County, Texas. Plaintiffs are former employees of Defendants.  Plaintiffs' Notices of Consent to join this action are attached hereto as Exhibits A-D.

6. Defendant XEROX COMMERCIAL SOLUTIONS, LLC, Individually and d/b/a ACS COMMERCIAL SOLUTIONS, LLC (hereinafter "XEROX") is a Foreign limited liability company with corporate offices in Dallas, Texas and may be served with process through its registered agent Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## IV.   FACTS

7. At all times relevant to this lawsuit, Defendant was and remains, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29

U.S.C. § 203, and is subject to the FLSA.

8. Defendant owns and operates a call center or "Customer Care Center" in Houston, Texas where employees, Customer Care Specialists, answer telephone calls from the customers of Defendant's corporate clients, such as Sprint. Said customers call in from various states.

9. Defendant's annual revenues exceeded $500,000 in each of the last five years.

10. Defendant employed Plaintiffs at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

11. Plaintiffs were employed in an enterprise engaged in commerce or in the production of goods for commerce. Defendant is a call center that takes calls from customers around the nation to troubleshoot difficulties and answer queries regarding their cellular phone services. Defendant employs over 46,000 people in over 175 "Customer Care Centers" globally including multiple centers within the United States.

12. In performing their duties for Defendant, Plaintiffs were engaged in commerce or in the production of goods for commerce. Plaintiffs were employed as Customer Care Specialists and were responsible for handling account and/or technical support inquiries over the telephone from Sprint customers located throughout the United States.

13. Until on or about January 2012, Defendant utilized a payment scheme known as "ABC" in which employees were only paid for time spent handling customer calls. Under the ABC system, the employees were paid a flat rate per call plus premium pay, which was calculated based on whether the Customer Care Specialists met certain targets for average call handling time and positive customer survey responses.

14. Under the ABC system Plaintiffs were not paid for time spent locating a work station, logging into the computer and telephone system, taking short breaks of less than fifteen (15)

minutes, waiting for customer calls or for time in between calls. Plaintiffs were required to wait at their work stations in anticipation of customers calling in.

15. From on or about January 2012, Defendant utilized a payment scheme known as "RBC" in which employees were supposed to be paid an hourly rate of $9.00 per hour plus premium pay based on meeting certain criteria up to a maximum of $14.00 per hour. The employees were also promised overtime pay.

16. Under both the ABC and RBC payment schemes Defendant only paid employees based on the time recorded when they were logged into the time-keeping system, and Plaintiffs were frequently logged out of the time-keeping system by supervisors and others resulting in unpaid working time. For example, Plaintiffs were repeatedly logged out of the time-keeping system while they were attending a mandatory 3-month training course or when they were taking short breaks of less than 15 minutes.

17. Plaintiffs Seth Feinhandler and George W Ivery, IV were moved into "performance coach" positions where they were required to be away from their work stations to assist other Customer Care Specialists with customer calls. Mr. Feinhandler and Mr. Ivery state that they were frequently logged out of the time-keeping system while they were away from their work stations.

18. Plaintiffs would often not be aware that they had been logged out of the system and would continue to work without the time-system recording their working time.

19. Working time of Plaintiffs was not recorded when the time-keeping system experienced technical failures or failed to load. Plaintiffs were required to remain at the worksite during these system failures even when the system was down for several hours. They were not paid for this waiting time.

20. Plaintiffs customarily and regularly worked many hours in excess of forty (40) hours per week up to seventy (70) hours in some weeks.

21. Plaintiffs were not paid for all of the hours they worked, and, as a result, were not paid minimum wages of $7.25 per hour and overtime of one and one half times their regular rates of pay.

22. Upon information and belief, other similarly situated employees also customarily and regularly worked many hours in excess of forty (40) hours per week and were paid in a fashion similar to Plaintiffs.

23. The work performed by Plaintiffs and other similarly situated employees was with Defendants' knowledge. Defendants set Plaintiffs' and similarly situated employees' schedules, assigned work, and supervised the work.

24. Plaintiff and similarly situated employees were entitled to overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendants did not pay Plaintiffs and similarly situated employees one and one half times their regular rates of pay for hours worked in excess of forty per week.

25. Plaintiffs complained on numerous occasions regarding Defendant's failure to pay for all of their working time.

26. Plaintiffs' employment was terminated by Defendant after the Plaintiffs complained about, among other things, Defendant's failure to pay regular and overtime wages.

27. Defendants' failed to keep and maintain records of Plaintiff's working time as required by the FLSA, 29 U.S.C. § 211.

### V.  FIRST CAUSE OF ACTION: FLSA WAGE VIOLATIONS

28. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

29. Plaintiffs were engaged in nonexempt hourly work, as set forth above.

30. As non-exempt employees, Plaintiffs were legally entitled to be paid the minimum wage of $7.25 per hour.

31. Defendant failed to pay Plaintiffs the minimum wage for all hours worked in violation of the FLSA, 29 U.S.C. § 206.

32. Plaintiffs were legally entitled to be paid overtime wages of one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

33. Defendant failed to pay Plaintiffs at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek in violation of the FLSA 29 U.S.C. § 207.

34. As a result, Plaintiffs did not receive the compensation they were legally entitled to receive.

35. Defendants' violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiffs' rights.

36. As a result of Defendants' willful violations of the FLSA, Plaintiffs are entitled to reimbursement of unpaid minimum wages, unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

### VI.    SECOND CAUSE OF ACTION: COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

38. Upon information and belief, many other similarly situated employees employed by Defendant over the last three (3) years have been subject to the same problems with Defendant's

time-keeping system and victimized by Defendant's violations of the FLSA.

39.     As set forth above, Plaintiffs are aware of other employees who perform similar work for Defendant.

40.     These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216 (b).  The class is properly identified as:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendants, who were not paid minimum wages and overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week.

41.     Defendant's practice of not paying employees similarly situated to Plaintiffs for all of the hours they worked and one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each seven (7) day workweek is in direct violation of the FLSA.

42.     As a result of Defendant's willful violations of the FLSA, the similarly situated employees are entitled to reimbursement of unpaid minimum wages, unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

### VII.    THIRD CAUSE OF ACTION: FLSA RETALIATION

43.     Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

44.     Defendant willfully violated the FLSA, 29 U.S.C. § 215(a)(3), by discharging Plaintiffs in retaliation for complaining about the Defendant's failure to pay regular and overtime wages. Defendants' retaliatory conduct was intended to chill the exercise of statutory rights under the FLSA.

45.     As a result of Defendants' willful violations of the FLSA, Plaintiffs are entitled to reimbursement of lost wages, an additional equal amount as liquidated damages, and reasonable

attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

### VIII. FOURTH CAUSE OF ACTION: BREACH OF CONTRACT

46.     Plaintiffs reassert and incorporate by reference all of the above-numbered paragraphs.

47.     At the time their employment commenced, Plaintiffs and Defendant entered into valid and enforceable contracts regarding the terms of their pay. The contracts provided that in exchange for performing the duties of the job, Defendant would pay Plaintiffs as follows:

   a. During an initial three (3) month training period, an hourly rate of $9.50 per hour for each hour worked, plus overtime pay;

   b. After the training period and before January 2012, $1.09 per call plus premium pay based on average call handling time and customer responses to quality surveys under the ABC payment scheme; and

   c. After January 2012, under the RBC payment scheme, $9.00 per hour plus premium pay and overtime pay.

48.     Due to the fact that Plaintiffs were regularly and repeatedly logged out of the time-keeping system, Defendants did not pay Plaintiffs in accordance with the terms of their contracts.

49.     Defendant's breach proximately caused injury to Plaintiffs. As a result of Defendant's breach, Plaintiffs have suffered direct and consequential damages, plus interest, expenses, court costs, and attorney's fees.

### VIII. FIFTH CAUSE OF ACTION: QUANTUM MERUIT

50.     Plaintiffs reassert and incorporate by reference all of the above-numbered paragraphs..

51.     In the alternative to other counts, Defendant accepted services from Plaintiffs without fully compensating Plaintiffs.

52.     At Defendant's request and in reliance on Defendant's express and implied promises to

pay a reasonable sum for Plaintiffs' services, Plaintiffs provided Defendant with the valuable services of their labor, time, and efforts. Defendant accepted these services. The services were provided for Defendant's benefit.

53. Defendant had actual and constructive knowledge that Plaintiffs expected to be compensated when Defendant accepted Plaintiffs' services.

54. Defendant has not fully paid Plaintiffs.

55. Plaintiffs are entitled to recover the reasonable value of the services rendered.

### VIV. SIXTH CAUSE OF ACTION: PROMISSORY ESTOPPEL

56. Plaintiffs reassert and incorporate by reference all of the facts set forth in the foregoing paragraphs of this Complaint.

57. In the alternative to other counts, Defendant made a promise to Plaintiffs that Defendant did not keep. Defendant promised Plaintiffs that Defendant would pay Plaintiffs as follows:

   a. During an initial three (3) month training period, an hourly rate of $9.50 per hour for each hour worked, plus overtime pay;

   b. After the training period and before January 2012, $1.09 per call plus premium pay based on average call handling time and customer responses to quality surveys under the ABC payment scheme; and

   c. After January 2012, under the RBC payment scheme, $9.00 per hour plus premium pay and overtime pay.

58. Plaintiffs reasonably and substantially relied on Defendant's promise in return for the work that they performed for Defendant. Defendant knew, or reasonably should have known that Plaintiff would rely on Defendants promise.

59. The injustice to Plaintiffs can only be avoided if Defendant's promise is enforced.

60. Plaintiffs' reliance on Defendant's promise resulted in injury to Plaintiffs in the amount promised rate of pay plus premium pay and overtime for all hours worked.

## X. JURY DEMAND

61. Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submits the jury fee.

## XI. PRAYER

62. For the reasons set forth above, Plaintiffs respectfully pray that the Defendant be cited to appear and answer herein, and for the following relief:

   a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

   b. judgment awarding Plaintiffs and similarly situated employees all unpaid regular wages, unpaid overtime wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

   c. judgment awarding Plaintiffs all unpaid wages and premium payments, actual damages, interest and attorneys' fees and costs as a result of Defendant's breach of contract or, alternatively, on the basis of Quantum Meruit or Promissory Estoppel;

   d. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   e. all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888

*Plaintiffs' Original Complaint*            10

Southern District Bar No. 713316
5433 Westheimer, Suite 825
Houston Texas 77076
Main: 713.742.0900
Fax: 713.742.0951
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTIFFS:**



Lakshmi Ramakrishnan
Texas Bar No.: 24037324
Southern District Bar No.: 33872
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
lakshmi.ram@kennardlaw.com